[Cite as *Ries v. The Ohio State Univ. Med. Ctr.*, 2011-Ohio-6850.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATTHEW RIES, Admr., et al.,

      Plaintiffs,

      v.

THE OHIO STATE UNIVERSITY
MEDICAL CENTER,

      Defendant.

Case No. 2010-10335

Judge Joseph T. Clark

JUDGMENT ENTRY

{¶1} This matter came before the court for an evidentiary hearing to determine whether Syed Husain, M.D. is entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86.

{¶2} R.C. 2743.02(F) states, in part:

{¶3} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶4} R.C. 9.86 states, in part:

{¶5} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶6} "[I]n an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and

2743.02(A)(2), the Court of Claims must initially determine whether the practitioner is a state employee. * * * If the court determines that the practitioner is a state employee, the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured. If not, then the practitioner was acting 'manifestly outside the scope of employment' for purposes of R.C. 9.86." *Theobald v. Univ. of Cincinnati*, 111 Ohio St.3d 541, 2006-Ohio-6208, ¶30-31.

{¶7} Plaintiffs' decedent, Michael McNew, was referred to Dr. Husain for treatment of a hemorrhoidal blood clot. On September 15, 2009, Dr. Husain removed the clot during an outpatient procedure at defendant's University Hospital East, and they later spoke via telephone to discuss McNew's condition. Plaintiffs allege that the care and treatment rendered by Dr. Husain fell below the standard of care, and that, as a result, McNew died on September 19, 2009, of "a cerebral hemorrhage from thromdotytotenia, which went undiagnosed until after his death." (Complaint, ¶17.)

{¶8} At the hearing, Dr. Husain testified that he has been employed by defendant since September 2008 as a clinical assistant professor in the department of surgery, specializing in colo-rectal surgery. According to Dr. Husain, his duties as an assistant professor include providing clinical care to patients, as well as teaching medical students and residents in a clinical setting. Dr. Husain stated that he could neither recall nor derive from the medical records whether students or residents were present when he rendered care to McNew, but that he considered his treatment of McNew at University Hospital East to be within his job duties nonetheless.

{¶9} According to Dr. Husain, his practice is directed entirely by defendant, he is not permitted to practice outside of defendant's facilities, and he maintains no private practice of medicine inasmuch as his employment agreement requires that all of his professional activities be devoted to serving defendant. Indeed, Dr. Husain's employment agreement with defendant states, in part: "You should understand that this

is a full-time offer with 100 percent of your professional efforts being devoted to the Department of Surgery." (Defendant's Exhibit A.)

{¶10} Dr. Husain acknowledged that as a condition of his employment with defendant, he is also required to maintain employment with Ohio State University Physicians (OSUP), but he described OSUP as an auxiliary entity that exists to administer billing and collections for all of the clinical care rendered by defendant's practitioners.

{¶11} Dr. Robert Bornstein, defendant's Vice Dean of Academic Affairs, testified that he is familiar with the duties and responsibilities of defendant's faculty physicians, and he explained that plaintiff's position as a clinical assistant professor encompasses two main duties – patient care and education. Dr. Bornstein explained that Dr. Husain is required by defendant to provide clinical care regardless of whether residents or students are present, and that Dr. Husain's job performance is evaluated, in part, based upon his clinical competence. According to Dr. Bornstein, the chair of the department of surgery controls all aspects of Dr. Husain's practice, including the type of work that he performs and his work location. With regard to OSUP, Dr. Bornstein testified that it was created by defendant's board of trustees to administer the billing and collections associated with the clinical care rendered by defendant's practitioners, and that Dr. Husain must belong to OSUP as a condition of his employment with defendant.

{¶12} "[T]he question of scope of employment must turn on what the practitioner's duties are as a state employee and whether the practitioner was engaged in those duties at the time of an injury." Id. at ¶23.

{¶13} Dr. Husain's duties as a state-employed faculty physician include teaching residents, and the evidence does not demonstrate that he was doing so when the alleged negligence occurred. However, the court finds that Dr. Husain was a full-time faculty physician who was required by defendant to provide clinical care, that his clinical activities were controlled by defendant, that he was required to devote all of his

professional time and effort to the service of defendant, that OSUP functioned as the business arm of defendant, and that Dr. Husain did not maintain a private practice. Accordingly, the court concludes that Dr. Husain's duties of employment included providing clinical care and that he was engaged in such duties at the time of the alleged negligence.

{¶14} Therefore, the court finds that Dr. Husain was acting within the scope of his state employment at all times pertinent hereto.  Consequently, Dr. Husain is entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F).  Therefore, the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

{¶15} On a related matter, defendant's November 1, 2011 motion for a protective order, to prohibit plaintiffs from deposing Dr. Husain until such time as the court determines whether he is entitled to civil immunity, is DENIED as moot.

_____\
JOSEPH T. CLARK
Judge

cc:

Daniel R. Forsythe                          David I. Shroyer
Karl W. Schedler                            536 South High Street
Assistant Attorneys General                 Columbus, Ohio 43215
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Filed November 7, 2011
To S.C. reporter December 30, 2011